NOT DESIGNATED FOR PUBLICATION

Nos. 117,648
117,649

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TYRONE D. ROBERTS,
*Appellant*.


MEMORANDUM OPINION


Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed September 22, 2017. Affirmed.


Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).


Before MALONE, P.J., LEBEN and POWELL, JJ.


PER CURIAM:  Tyrone D. Roberts appeals the district court's decision revoking his probation and ordering him to serve his underlying sentence in two separate cases. We granted Roberts' motion for summary disposition in lieu of briefs pursuant to Kansas Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State has filed a response and requests that the district court's judgment be affirmed.


On July 11, 2016, Roberts pled guilty to one count of felony domestic battery in two separate cases. On August 17, 2016, the district court imposed concurrent one-year jail terms in each case and placed Roberts on probation for 12 months.


1

At a hearing on March 22, 2017, Roberts stipulated to violating his probation by: (1) failing a drug test; (2) failing to report to his probation officer as directed; and (3) not providing his probation officer with his current residential address. In mitigation, Roberts asserted that he was constantly moving from house to house for places to reside while on probation. Because his unstable living environment contributed to his probation violations, Roberts asked the district court to impose a graduated sanction. The district court declined to impose a graduated sanction and ordered Roberts to serve the remainder of his underlying sentences. Roberts timely appealed.

On appeal, Roberts argues that the revocation of his probation was premature because he may have been able to succeed with a more stable housing situation. The State argues that Roberts has failed to present any compelling facts to support a finding that the district court abused its discretion in revoking Roberts' probation.

The procedure for revoking a defendant's probation is governed by K.S.A. 2016 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of K.S.A. 2016 Supp. 22-3716 when revoking a defendant's probation. *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

K.S.A. 2016 Supp. 22-3716 generally provides that once a defendant has violated the conditions of probation, the district court must apply graduated intermediate sanctions before the court can revoke probation and order the defendant to serve the sentence

2

imposed. See K.S.A. 2016 Supp. 22-3716(c)(1)(A)-(D). However, the requirement for a district court to consider intermediate sanctions before revoking a defendant's probation does not apply if the defendant was convicted of a felony specified in K.S.A. 2016 Supp. 21-6804(i)(1), which includes a conviction of domestic battery in violation of K.S.A. 2016 Supp. 21-5414(b)(3). See K.S.A. 2016 Supp. 22-3716(b)(3)(B)(iii) and (c)(1).

Here, as Roberts acknowledges, the district court was not required to consider intermediate sanctions before revoking his probation due to his underlying convictions of domestic battery. After being convicted of felony domestic battery in two separate cases, Roberts violated his probation by using drugs, by failing to report to his probation officer as directed, and by not providing his probation officer with his current address. Under these circumstances, the district court's decision to revoke Roberts' probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Thus, we conclude the district court did not abuse its discretion in revoking Roberts' probation and ordering him to serve his underlying sentences.

Affirmed.